IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Elizabeth Huggins, ) | |
| ) | C/A No. 2:05-0283-18 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** and **OPINION** |
| ) | |
| City of North Charleston, North ) | |
| Charleston Police Department and ) | |
| Charleston County Department of ) | |
| Social Services, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. Background

Plaintiff Elizabeth Huggins ("plaintiff") filed the complaint in this matter on December 13, 2004 in state court, alleging causes of action for deprivation of constitutional rights under 42 U.S.C. 1983 and 1985, as well as invasion of privacy under Article 1, section 10 of the South Carolina Constitution. On January 27, 2005, defendants removed the case to federal court on the basis of federal question jurisdiction. On June 20, 2005, defendants North Charleston Police Department and City of North Charleston ("defendants") filed the present motion for summary judgment. Plaintiff responded to the motion on October 28, 2005.

## II. Standard of Review

Summary judgment is proper only when there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The moving party has the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984). Material facts are those

that might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> This burden may be met through the use of depositions, sworn affidavits, and other discovery materials. <u>Barwick</u>, 736 F.2d at 958. Consequently, in evaluating a motion for summary judgment, the court views the record in the light most favorable to the nonmoving party. <u>Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 123-124 (4th Cir. 1990). Once the moving party makes the necessary showing, however, the nonmoving party must go forward and produce evidentiary facts to support its contentions. <u>Barwick</u>, 736 F.2d at 958-959. A "mere scintilla" of evidence is not enough to create a fact issue; there must be evidence on which a reasonable jury might rely. <u>Id.</u> In other words, the nonmoving party cannot create a genuine issue of material fact through "mere speculation or the building of one inference upon another." <u>Id.</u> at 963.

### III. **Summary of the case**

In accord with the familiar law stated above, the facts are taken in a light most favorable to plaintiff as the non-moving party. On or about April 30, 2003, Officer Bowman of the North Charleston Police Department and agents Latarsha Asby and William Creech of Charleston County Department of Social Services ("DSS") went to plaintiff's home to find out where plaintiff's grandchild was after the child's brother told them he was in plaintiff's house. Plaintiff informed defendants that her grandson was in his mother's custody and that she did not know where he was. Defendants allegedly demanded entrance into her home for the purpose of searching for the grandchild. Plaintiff refused to consent to the entrance into her home and allegedly demanded to see a

search warrant or a court order. Defendants allegedly claimed they had a court order but did not provide plaintiff with a copy or allow her to review the order. Plaintiff alleges that defendants then threatened her with arrest if she further refused them entry, at which point she allowed defendants to enter her house. Upon searching the home, neither the minor child nor any evidence that a child resided there was found.

During discovery, defendants presented a family court ex parte order (the "Order") upon which they rely for the asserted authority to enter plaintiff's home without consent. Plaintiff brought this action on the basis that her rights were violated because she was not a party to the family court action and at no time ever had physical or legal custody of the child.

## IV. Analysis

Defendants base this motion for summary judgment on the grounds that they were authorized to search for and remove, if found, the child pursuant to the South Carolina Children's Code. The Children's Code is found in title 20, chapter 7, section 610 of the South Carolina Code and provides for emergency protective custody in situations where there is probable cause to suspect that a child is being abused or neglected. Additionally, defendants claim that they should be afforded the protection of qualified immunity.

Qualified immunity analysis is a two step process. First, the court must analyze whether, in the light most favorable to plaintiff, the alleged facts show that defendants' conduct violated a constitutional right. Wilson v. Kittoe, 337 F.3d 392, 397 (4th Cir. 2003). The second step is a determination of whether the right alleged to have been violated was "clearly established" so that a "reasonable person would have known." Id., quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "A right is 'clearly established'

if a reasonable officer would have understood, under the circumstances at hand, that his behavior violated the right." Kittoe, 337 F.3d at 402, quoting Wilson v. Layne, 526 U.S. 603, 615 (1999). To determine whether a right is clearly established, a court is not ordinarily required to look beyond the decisions of the Supreme Court, the court of appeals in that circuit, and the highest court of the state in which the case arose, but "'the nonexistence of a case holding the defendant's identical conduct to be unlawful does not prevent denial of qualified immunity.'" Kittoe, 337 F.3d at 403, quoting Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999)

Plaintiff claims that she has clearly alleged the deprivation of actual constitutional rights under 42 U.S.C. 1983 and 1985 and the invasion of her rights to privacy as guaranteed by Article 1, section 10 of the South Carolina Constitution. (Pl.'s Obj. to Mot. Summ. J. 5.) Article 1, section 10 of the South Carolina Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures and unreasonable invasions of privacy shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, the person or thing to be seized, and the information to be obtained.

S.C. Const. art. 1, §10. Plaintiff argues that by not providing her a copy of a court order, her "right to be free from the non-emergency, governmental intrusion into her home was clearly violated." (Pl.'s Obj. to Mot. Summ. J. 6.) However, plaintiff errs in describing defendants' actions as "non-emergency," as the family court had already determined that there was imminent danger and ordered the child to be placed into "emergency physical custody." (Order, Pl.'s Ex. A at 3.)

4

Plaintiff is assuming that an ex parte order for the emergency removal of a child is the same as a search warrant. The Fourth Circuit has held that "investigative home visits by social workers are not subject to the same scrutiny as searches in the criminal context." Wildauer v. Frederick County, 993 F.2d 369, 372 (4th Cir. 1993), citing Wyman v. James, 400 U.S. 309, 318 (1971). In determining that such visits are not afforded the same constitutional protections, the Court in Wyman stated that "[t]he dependent child's needs are paramount, and only with hesitancy would we relegate those needs, in the scale of comparative values, to a position secondary to what the mother claims as her rights." Wyman, 400 U.S. at 318. In Wyman, the plaintiff brought a section 1983 action seeking injunctive relief, alleging that a warrantless home visit by a welfare caseworker would violate her Fourth and Fourteenth Amendment rights. Id. at 314. In Wildauer, a case more similar to the case at bar, the Fourth Circuit used the Wyman holding to determine that a social worker and deputy who had entered a home to retrieve children did not act unreasonably in entering the home. Wildauer, 993 F.2d at 372. Additionally, the Wildauer court determined that the individuals were protected by qualified immunity for their entry into the plaintiff's home because they did not violate clearly established rights of which a reasonable person would have known. Id.

To be successful with their claim against defendants, plaintiff must show that she had a clearly established right to be shown an ex parte order before defendants entered her home to look for the child. However, there is no case law in the Fourth Circuit or South Carolina that suggests such a right exists, nor is there cause for a reasonable officer to have known of such a right. In fact, the Fourth Circuit has held that the state "has a

legitimate interest in protecting children from neglect and abuse and in investigating situations that may give rise to such neglect and abuse.  <u>Martin v. St. Mary's Dep't of Social Services,</u> 346 F.3d 503, 506 (4th Cir. 2003).  <u>Martin</u> held that a public official "will not be held liable for 'bad guesses in gray areas.'" <u>Id.</u>, citing <u>Maciariello v. City of Lancaster,</u> 973 F.2d 295, 298 (4th Cir. 1992), cert. denied, 506 U.S. 1080 (1993).

A court had already determined that probable cause existed to believe that there was an imminent danger to the life or physical safety of the child, and defendants were acting pursuant to this emergency situation.  Because plaintiff has failed to demonstrate that defendants violated a clearly established right by failing to show her an ex parte order or warrant prior to searching her home for the child, defendants are protected by qualified immunity.

## IV.  Conclusion

It is therefore,

**ORDERED**, for the foregoing reasons, that defendants' motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

_____
**David C. Norton**
**United States District Judge**


**December 14, 2005**
**Charleston, South Carolina**